UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HUFF,

        Plaintiff,

   v.                             CAUSE NO. 3:20-CV-1054 DRL-MGG

ELKHART COUNTY SHERIFF *et al.*,

        Defendants.

OPINION AND ORDER

Michael Allen Huff, a prisoner without a lawyer, filed a complaint. ECF 1. He has also since filed a motion for preliminary injunctive relief. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

(internal quotation marks and citation omitted). A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Mr. Huff, who is currently a prisoner at the Indiana State Prison (ISP), sues three officials for events that happened at the Elkhart County Jail. He alleges that on October 16, 2018,[1] he was transferred to the Elkhart County Jail for a court date in his state criminal cases: 20H02-1605-CM-00334 and 20D04-1701-F6-00029. Two days later, he was ordered released on his own recognizance in one case and paid a cash bond in the other. He alleges Jail Commander Edwards told him that because his next court date was only a few weeks away, they were going to hold him in jail despite the fact that the court had ordered his release.

During his time at the Elkhart County Jail, Mr. Huff was assaulted and robbed by multiple inmates. He was also placed into disciplinary segregation for one week "by the head commissary lady" (ECF 1 at 3) because he had threatened to sue. Jail Commander Edwards had to personally come into segregation to remove the "unlawful" placement. *Id*. On or about November 9, 2018, Mr. Huff was released from the Elkhart County Jail. His legal work, Bible, and items from the commissary that he had purchased were thrown away. Mr. Huff has sued the Elkhart County Sheriff, Jail Commander Edwards, and the "head commissary lady" and seeks monetary damages from them.

---

[1] Mr. Huff's complaint was docketed on December 28, 2020, and the envelope has a mail-stamped date of December 21, 2020. ECF 1 at 5. However, he allegedly signed his complaint and deposited it into the prison mail system on October 16, 2020 at 4:30 AM. Accordingly, at this stage, Mr. Huff is entitled to the prison mail box rule, and his complaint is deemed filed as of October 16, 2020. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (describing prison mailbox rule).

2

The Fourth Amendment applies to "wrongful pretrial custody" claims such as this. *See Williams v. Dart*, 967 F.3d 625, 632 (7th Cir. 2020). In *Williams*, the plaintiffs—all of whom had been arrested and charged with felonies—alleged the Cook County Sheriff held them in jail for up to two weeks after the Cook County trial courts had ordered them released on bail subject to electronic monitoring. *Id*. at 629–30. According to the plaintiffs, the sheriff did so because he disagreed with the state's new pretrial detention policies which favored broad access to pretrial release. *Id*. at 629. The district court dismissed the suit, finding the plaintiffs had not stated a claim as the "Fourth Amendment does not apply because probable cause was uncontested and pretrial 'conditions of confinement' are governed by the Due Process Clause." *Id*. at 632. This circuit disagreed, holding that, after *Manuel v. City of Joliet*, --- U.S. ----, ----, 137 S. Ct. 911 (2017), the Fourth Amendment applies when wrongful pretrial custody itself—as opposed to wrongful pretrial conditions of confinement—is challenged. *Id*. In so finding, the court recognized probable cause was not at issue,[2] and it analogized detention after court ordered bail-release to holding an individual in jail after a non-prosecution decision (or acquittal or conviction)—both situations potentially being violative of the Fourth Amendment. *Id*. at 633. The court noted "a core function of the Fourth Amendment is to put neutral decision-makers between unchecked official discretion and invasions of private liberty by search or seizure" and determined the decisions to substitute prolonged detentions for court-

---

[2] "This case is not about the probable cause standard. No one in this case disputes the existence of probable cause to detain each plaintiff. The dispute is over procedure. . . . [T]he Sheriff arrogated to himself a decision that was not his to make" *Id*. at 632.

3

ordered release on specified terms were not the Sheriff's to make. *Id*. at 633–34.[3] Once legally authorized detention has ceased, "whether by acquittal after trial, release on recognizance bond, completion of jail time in the sentence or otherwise," the Fourth Amendment provides that further detention is lawful only to the extent the time leading up to release is reasonable in any given case. *Id*. at 635 (citing *Driver v. Marion Cty. Sheriff*, 859 F.3d 489, 491 (7th Cir. 2017) and *Harper v. Sheriff of Cook Cty.*, 581 F.3d 511, 514–15 (7th Cir. 2009)). In conclusion, the court determined the plaintiffs had stated a proper Fourth Amendment claim, noting "[t]he Fourth Amendment does not require any particular administrative arrangement for processing bail admissions. It does require, however, that whatever arrangement is adopted not result in seizures that are unreasonable in light of the Fourth Amendment's history and purposes." *Id*. at 636.[4]

In general, [t]he Fourth Amendment protects '[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures." *Manuel*, 137 S. Ct. at 917. "The touchstone of the Fourth Amendment is reasonableness. Reasonableness, in turn, is measured in objective terms by examining the totality of the circumstances." *Ohio v. Robinette*, 519 U.S. 33, 39 (1996) (internal quotation marks and citation omitted). Courts have "consistently eschewed bright-line rules, instead emphasizing the fact-specific nature of the reasonableness inquiry." *Id*.

---

[3] The court also found the "original probable cause was 'exhausted' by the courts' bail orders" and no longer remained a justification for the Sheriff's "unilateral seizure." *Id*. at 634–35.

[4] The court found the plaintiffs' substantive due process claims failed, however, because the Fourth Amendment applied to their pretrial detention claims and there was "no need to resort to the 'more generalized notion' of substantive due process." *Id*. at 637.

Here, Mr. Huff claims he was unlawfully detained by the Elkhart County Jail for approximately three weeks. He cites to two state court criminal cases in which he alleges the court ordered him released on his own recognizance and on bond. The publicly available state court docket[5] in one of those cases shows a hearing was held on October 18, 2018, in which Mr. Huff appeared by video and was released on his own recognizance by the court, with a later hearing set for March 25, 2019. *See State v. Huff,* 20H02-1605-CM-000334 (filed May 24, 2016), docket sheet available at: https://public.courts.in.gov/mycase/#/vw/Search. The state court docket in the other case does not appear to be consistent with Mr. Huff's allegations. There, a journal entry on September 19, 2018 notes Mr. Huff was not present for a hearing because he was incarcerated in the Pulaski County Jail. *See State v. Huff*, 20D04-1701-F6-000029 (filed Jan. 5, 2017), docket sheet available at: https://public.courts.in.gov/mycase/#/vw/Search. A transportation order was issued that same day, and the hearing was continued to October 17, 2018. *Id*. On October 17, 2018, Mr. Huff was produced via video by the Elkhart County Sheriff's Department, and a hearing was held during which Mr. Huff entered a guilty plea to Theft, a Level 6 felony. *Id*. The cause was sent for sentencing on November 7, 2018; no mention was made of Mr. Huff being released at that time. *Id*. On November 7, 2018, a sentencing hearing was held, and a judgment was entered. *Id*. Mr. Huff was sentenced to 365 days in jail, with a credit of 10 days, and 339 days of his sentence to be

---

[5] The court is permitted to take judicial notice of public court records. *See* Fed. R. Evid. 201; *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

suspended. *Id*. At that time, Mr. Huff was "ordered released under this cause. Bond released. PD withdrawn. All per order." *Id*.

In light of the publicly available state court docket, which shows Mr. Huff was not ordered released in cause number 20D04-1701-F6-000029 until November 7, 2018, his allegation that he was unlawfully detained by the defendants for three weeks is not plausible. Even if the court credits his allegations as true, his claim would still fail. What Mr. Huff does not directly acknowledge—but tangentially references when he notes he was "transferred" (ECF 1 at 2) to the Elkhart County Jail on October 16, 2018—is that he was ordered detained in a separate cause number before, during, and after the events in question. *See State v. Huff*, 66C01-1802-F4-000006 (filed Feb. 23, 2018), docket sheet available at: https://public.courts.in.gov/mycase/#/vw/Search. On March 2, 2018, the state charged Mr. Huff with being a Prisoner Possessing a Deadly Weapon, Battery Against a Public Safety Official, and Intimidation. *Id*. Bond was set in the amount of $40,000, and there is no indication Mr. Huff paid that bond or was otherwise ordered released. *Id*. The docket references various transport orders between jails (and later the Department of Correction) throughout 2018 and 2019, but at no point does it note Mr. Huff was not incarcerated. *Id*. The case is still pending; as of the date of this order, a jury trial is scheduled for late 2021. *Id*.

Accordingly, even if the court credits Mr. Huff's assertions that he was to be "released" on October 18, 2018, in the two cause numbers he references in his complaint, Mr. Huff has not plausibly alleged the choice to keep him at the Elkhart County Jail until after the hearing on November 7, 2018, was objectively unreasonable considering his

6

continuing detention in another case. Effectively, Mr. Huff is claiming he should have been held in a different jail as opposed to the Elkhart County Jail, but that was not his determination to make. The Sheriff and/or Jail Commander's decision to keep him there pending the quickly approaching hearing, rather than transport him back to the jail from which he came, was reasonable in light of the circumstances and violated neither the state courts' orders nor the Constitution. Thus, Mr. Huff has failed to state a claim on this ground.

He also alleges he was assaulted while at the Elkhart County Jail and had his property thrown away. However, he does not plausibly allege any of the named defendants were aware he was in danger or were responsible for the actions described. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, Mr. Huff has failed to state a claim based on these allegations.

Finally, he claims he was placed into segregation for one week "by the head commissary lady" (ECF 1 at 3) because he said he was going to sue. He provides no information as to who he made the statement to, when/where the statement was made, what he said, or when he was placed in segregation. Accordingly, the allegation that the "head commissary lady" was personally responsible for placing him in segregation is not only implausible, but it is impermissibly vague. *See Bissessur*, 581 F.3d at 602 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

7

draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotation marks and citation omitted); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original). Moreover, he admits Jail Commander Edwards remedied the situation when he became aware of it. Thus, these allegations do not state a claim.

Although the current complaint states no valid claims, the court will give Mr. Huff an opportunity to file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1022–25 (7th Cir. 2013). If he chooses to do so, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. Of note, an amended complaint should only be filed if Mr. Huff believes he can rectify the deficiencies set forth in this order.

As a final matter, Mr. Huff has filed a motion for preliminary injunctive relief. ECF 6. In it, he complains about an ongoing "illegal shakedown" at ISP, during which his property and legal work was taken from him and he "had to go on a hunger strike just to get to medical." *Id.* at 1. He asks the court to order the ISP Warden to give him his own legal materials back as well as that of other inmates.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a

preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, Mr. Huff has not been granted leave to proceed in this lawsuit because his complaint does not state any claims. Therefore, he has no chance of success on the merits at this stage. Moreover, even if he had been granted leave to proceed, the allegations in his complaint involve individuals at the Elkhart County Jail, while his motion describes actions at ISP. Ordering injunctive relief against the ISP's Warden in this case would not be appropriate.

For these reasons, the court:

(1) DENIES the motion for preliminary injunctive relief (ECF 6);

(2) GRANTS Michael Allen Huff until **August 26, 2021**, to file an amended complaint; and

(3) CAUTIONS Michael Allen Huff if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 26, 2021
*s/ Damon R. Leichty*
Judge, United States District Court